# Andrew Lino and Lee W. Wolfe, trading as Lino & Frank, Appellees, v. Northwestern Pacific Railroad Company, Appellant.

## Gen. No. 31,462.

1. CARRIERS—*one of two railroads as initial carrier.* Where a carload of grapes is billed to a steam railroad but is carried a short distance by an electric railway, which has the freight prepaid for its haul and is not freight operated and owns no cars, and which delivers the car to the steam railroad which issues a through bill of lading and receives a bond to avoid prepayment of freight to destination, held the steam railroad and not the electric railway was, under the Carmack amendment, the initial carrier responsible for damage sustained after leaving the steam railroad point of origin.

2. CARRIERS—*right to limit liability for damage to shipment.* A railroad company issuing a through bill of lading for a carload of grapes "in apparent good order" cannot, under the Carmack amendment, limit its liability for damage by a recital in a special typewritten clause that, as no refrigerator cars are available, all claims are waived for loss or damage on account of insufficient or improper equipment, or lack of refrigeration or ventilation.

3. CARRIERS—*rule in construing bill of lading.* A bill of lading will be construed against the carrier and in favor of the shipper, as the carrier made the contract.

4. CARRIERS—*burden of showing goods were not in good order when received by carrier.* In order to defeat the operation of a recital in a bill of lading that grapes were received "in apparent good order," the burden is on the railroad company to show the grapes were not in good order when received for shipment.

5. CARRIERS—*prima facie case from evidence of damage to goods at destination.* Where a railroad company issues a through bill of lading reciting that grapes were received "in apparent good order," proof of damage at the point of destination make a prima facie case against the railroad.

6. CARRIERS—*right of holder of bill of lading to sue for damage to goods.* The lawful holder of a through bill of lading is entitled under the Interstate Commerce Act, § 20, to maintain an action against the railroad for damage to the goods in transit, although the holder may not be the owner of the goods.

7. APPEAL AND ERROR—*presumption that inadmissible evidence was not considered.* It will be judicially assumed on appeal that in arriving at a conclusion upon facts the trial judge in a nonjury case founded

his judgment upon legally admissible evidence and did not take into consideration evidence which was improperly admitted after objection.

8. HARMLESS ERROR—*improper admission of evidence where other evidence is sufficient.* A judgment in a nonjury case may be sustained although evidence was improperly admitted after objection, where there is sufficient legally admissible evidence of probative force.

Appeal by defendant from the Circuit Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1926. Affirmed. Opinion filed November 23, 1927.

JOHN A. SHEEAN, for appellant.

J. V. DELANEY, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This action involves a shipment of 930 lugs of grapes under a through bill of lading issued by the defendant railroad company, as initial carrier, to transport said grapes from Petaluma, California, to Chicago. They were shipped in a so-called "box car."

The cause was tried before the court by agreement, and it was stipulated that if there was a finding in favor of plaintiff the amount of the damages should be assessed at $800. There was such a trial and a finding of the issues in favor of plaintiff and an assessment of damages under the agreement of the sum of $800, with a judgment on the finding, and defendant brings the record to this court for review asking a reversal.

It is first disputed strenuously that defendant was not the initial carrier. As a matter of fact the grapes started on their journey east from Ross, California, on the Petaluma & Santa Rosa Railroad, which was an electrically operated road extending from Ross to Petaluma, twenty-one miles in length. The box car in which the grapes were shipped was numbered 205,948 and was a Chicago, Milwaukee & St. Paul

Railway Company car. The Petaluma & Santa Rosa Railroad Company was not a freight operated road, and did not own any freight cars; the car was billed to defendant Northwestern Pacific Railroad Company at Petaluma, and the freight charges, amounting to $53.97, prepaid to that point. The defendant received the carload of grapes at Petaluma and issued its bill of lading from that point to the point of destination. In order to avoid prepayment of the freight to destination, a bond was given to the defendant railroad company.

In the Carmack amendment to the Hepburn bill the initial carrier is liable for damage occurring between the initial point and the point of destination, and defendant argues that the Petaluma & Santa Rosa Railroad Company was the initial carrier, and is therefore responsible for the damages complained of and that defendant is not so responsible.

We think that the trial judge might reasonably find, as he did, from the evidence on this point, that within the meaning of the Carmack amendment, the Petaluma & Santa Rosa Railroad Company was not the initial carrier, and that defendant was, both on the facts as disclosed by the evidence and the stipulation of the parties in evidence, and that the defendant by its bill of lading issued at Petaluma constituted itself, the initial carrier. Its bill of lading was its contract, so that the holding in *Pere Marquette Ry. Co. v. J. F. French & Co.*, 254 U. S. 538, to the effect that where an attempt is made after delivery at the first designated point to reconsign without consent of the initial line and without its knowledge, makes a new shipment and releases the first carrier is not in point. We are therefore of the opinion, and so hold, under the facts in this case, that defendant is, under the Carmack amendment, the initial carrier.

The grapes were shipped in a box car because a refrigerator car was not available at Ross, where the car was originally loaded.

A large portion of defendant's argument, in the light of our determination that defendant was the initial carrier and not the electric road which carried the car from Ross to Petaluma, is eliminated from the case and our consideration of it.

Defendant's bill of lading, dated October 9, 1920, recites the grapes were received "in apparent good order" and then proceeds thus "(contents and condition of contents of packages unknown)". Then follows a special typewritten clause which reads: "It is agreed anything in this bill of lading to the contrary notwithstanding, that the within described shipment is to move in box ventilator and or/other equipment because the originating carrier has no refrigerator cars available for it that all claims for loss or damage on account of insufficient or improper equipment lack of refrigeration or ventilation in transit are hereby waived."

That part of the Carmack amendment to the Hepburn act governing the shipment in question is contained in section 20 of the Interstate Commerce Act, and *inter alia* provides that the carrier "shall issue a receipt a bill of lading therefor, (for the shipment), and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass * * * and no contract, receipt, rule, regulation or other limitation of any character whatsoever, shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed; and any such common carrier * * * shall be liable to the lawful holder of said receipt or bill of lading or to any party entitled to recover thereon, whether such receipt or bill of lading has been issued or not, for the full actual loss, damage or injury to such property caused by it or by any such common carrier, * * * to

which such property may be delivered or over whose line or lines such property may pass, * * * notwithstanding any limitation of liability or limitation of the amount of recovery * * *.''

The bill of lading being a through bill of lading, the attempt by defendant to limit its liability therein was impotent to effect such purpose. The shipment was in all respects governed by and subject to the Carmack amendment quoted from *supra,* and there could be no deviation therefrom, so far as the act by its provisions imposed liability upon the carrier.

The bill of lading will be construed against the carrier and in favor of the shipper as the carrier made the contract. The bill of lading recites that the grapes were received "in apparent good order," and the vague recitation of an absence of such knowledge will not be received to modify in any manner the express acknowledgment of defendant that they were received "in apparent good order." To defeat the operation of such admission the burden was on defendant to show by pertinent evidence that the grapes were not in good order when they were received for shipment by the carrier defendant. Such exculpating proof we do not find in the record. The grapes being in good order, according to defendant's bill of lading, at the time of shipment, proof of damage at point of destination, Chicago, made a *prima facie* case against defendant, entitling it, in the absence of contrary proof, to recover. The only excepted causes of damage are the act of God, the public enemy or innate nature of the article shipped. There is no evidence that the damage and loss was occasioned or brought about by any of the foregoing excepted clauses. *Paden v. Rockford Palace Furniture Co.,* 220 Ill. App. 534; *Galveston, H. & S. A. Ry. Co. v. Wallace,* 223 U. S. 481. The damage was proven and the amount of recovery $800 fixed as the measure of damages by the stipulation of the parties.

To the contention that plaintiffs were not the owners of the grapes so as to entitle them to sue for the damages thereto in transit, it is sufficient to say that they were the lawful holders of the bill of lading, and as such were entitled to maintain this action under section 20, aforesaid, of the Interstate Commerce Act. There is no evidence in the record challenging this fact. As said in *Galveston, H. & S. A. Ry. Co. v. Wallace, supra,* "The burden of proof that the loss resulted from some cause for which the initial carrier was not responsible in law or by contract is cast upon the carrier (when the plaintiff has shown good condition at point of origin, and damage at destination)." The proofs before us fully rises to the *quantum* of proof as above laid down and is sufficient to entitle the shipper to recover.

There is some evidence in this record to which defendant unavailingly objected, which was subject to the objections made. However, the trial was by the court without a jury, and it will be judicially assumed that in arriving at a conclusion upon the facts the trial judge founded his judgment upon evidence which was legally admissible and did not take into consideration at all evidence heard which was not legally admissible. We find from the proofs in the record that there was evidence of sufficient probative force to sustain the judgment which the court rendered, which evidence was not amenable to any objection made thereto on the part of defendant.

Finding no reversible error in the record, the judgment of the circuit court is affirmed.

*Judgment affirmed.*

TAYLOR, P. J. and WILSON, J., concur.